14-1952-cv
*TIFD III-E Inc. v. United States*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand fifteen.

PRESENT:  JOSÉ A. CABRANES,
ROBERT D. SACK,
GERARD E. LYNCH,
            *Circuit Judges.*

---

TIFD III-E INC.,
the tax matters partner of Castle Harbour-I LLC,

     *Plaintiff-Appellee,*

      v.                                                            No. 14-1952-cv

UNITED STATES OF AMERICA,

     *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLEE:** | DAVID B. SALMONS (David J. Curtin, William F. Nelson, James D. Bridgeman, *on the brief*), Morgan, Lewis & Bockius LLP, Washington, DC. |
| **FOR DEFENDANT-APPELLANT:** | FRANCESCA UGOLINI (Caroline D. Ciraolo, Principal Deputy Assistant Attorney General, Gilbert S. Rothenberg, Richard Farber, Deirdre M. Daly, United States Attorney for the District of Connecticut, *on the brief*), |

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **REVERSED**.

The Government appeals from the District Court's April 8, 2014 judgment denying its motion for imposition of a 20-percent accuracy-related penalty for plaintiff TIFD III-E Inc.'s ("TIFD") negligent underpayment of approximately $62 million in income tax. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. *See TIFD III-E, Inc. v. United States*, 459 F.3d 220 (2d Cir. 2006) ("*TIFD I*"); *TIFD III-E, Inc. v. United States*, 666 F.3d 836 (2d Cir. 2012) ("*TIFD II*").

Whether a taxpayer acted negligently in underpaying its tax liability is a factual finding reviewed for clear error. *Goldman v. Comm'r*, 39 F.3d 402, 405 (2d Cir. 1994). Whether a taxpayer had a "reasonable basis" for its tax reporting is a mixed question of law and fact reviewed *de novo*. *See Diebold Found., Inc. v. Comm'r*, 736 F.3d 172, 182 (2d Cir. 2013).

Section 6662 of the Internal Revenue Code imposes a 20-percent penalty on any portion of an underpayment of tax that is attributable to, *inter alia*, "[n]egligence or disregard of rules or regulations." 26 U.S.C. § 6662(a), (b)(1). "Once the Commissioner determines that a negligence penalty is appropriate, the taxpayer bears the burden of establishing the absence of negligence." *Goldman*, 39 F.3d at 407. A tax return position is not attributable to negligence if it had a "reasonable basis." 26 C.F.R. § 1.6662-3(b)(1). A "reasonable basis" is "a relatively high standard of tax reporting, that is, significantly higher than not frivolous or not patently improper. The reasonable basis standard is not satisfied by a return position that is merely arguable or that is merely a colorable claim." *Id.* at (b)(3).

Upon review of the record and relevant law, we conclude that the District Court incorrectly determined that the 20-percent negligence penalty was inapplicable. In finding that TIFD had a "reasonable basis" for treating the Dutch banks' interest as equity rather than debt, the District Court relied on various inapposite authorities treating preferred stock as equity for tax purposes. We previously rejected such an analogy to preferred stock as inapt, finding that the Dutch banks' interests here were "'overwhelmingly in the nature of a secured lender's interest.'" *TIFD II*, 666 F.3d at 849 (quoting *TIFD I*, 459 F.3d at 231). TIFD has pointed to no authorities treating an interest such as the Dutch banks' interest—which we previously found had only "illusory or insignificant" indicia of equity—as equity. *TIFD I*, 459 F.3d at 231. The District Court reasoned that our prior rejection of the analogy to preferred stock did not mean that the analogy was without reasonable

basis. But we did not merely reject the analogy on balance; rather, we concluded that the preferred-stock authorities invoked by TIFD provided "*no support* for [its] treatment of the banks' interest as equity." *TIFD II*, 666 F.3d at 849 (emphasis supplied). Accordingly, the District Court's holding that TIFD had a "reasonable basis" for its return position was error.

The District Court also incorrectly held that TIFD's underpayment was not attributable to negligence. TIFD and the District Court argue that TIFD took great pains to create an equity interest and had an economic interest to do so. As we previously found, the Dutch banks' interests "were designed to have a superficial appearance of equity participation." *TIFD I*, 459 F.3d at 227. An attempt to create the appearance of a legitimate tax position is not an attempt in fact to comply with the Internal Revenue Code, and neither TIFD nor the District Court cites any evidence in the record that TIFD made a proper investigation of the correctness of its tax position. Accordingly, TIFD failed to carry its burden to establish the absence of negligence, and the District Court's finding to the contrary was error.

## CONCLUSION

We have considered all of the arguments raised by TIFD on appeal and find them to be without merit. For the reasons stated above, we **REVERSE** the District Court's April 8, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3